# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
April 8, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TANYA BRADSHAW,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1158** (BOR Appeal No. 2047295)
                          (Claim No. 2011038438)

**WV STATE FIRE COMMISSION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Tanya Bradshaw, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia State Fire Commission, by Gary W. Nickerson and James W. Heslep, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 27, 2012, in which the Board reversed a June 6, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's June 29, 2011, decision rejecting the claim. The Office of Judges held Ms. Bradshaw's claim compensable for right pronator syndrome and right median nerve neuritis at the carpal tunnel. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Bradshaw began working as a secretary for the West Virginia State Fire Commission on March 5, 1993. Her job duties included data entry and general secretary work. On May 25, 2011, Ms. Bradshaw filed an application for workers' compensation benefits complaining of wrist, arm, and shoulder pain. Ms. Bradshaw indicated that her computer work caused carpal tunnel syndrome, which had grown progressively worse. In response to the Employer's Carpal Tunnel Syndrome Questionnaire, Ms. Bradshaw stated that her job required her to perform

1

approximately one and a half million keystrokes annually. Marietta Babayev, M.D., then conducted an electromyography (EMG) test on Ms. Bradshaw and found evidence of mild pronator syndrome and median nerve neuritis at the wrist. Dr. Babayev opined that these conditions were most likely the result of Ms. Bradshaw's computer work over the last eighteen years. Prasadarao B. Mukkamala, M.D., then performed a records review of the case and recommended denying the claim for carpal tunnel syndrome. Dr. Mukkamala found that Ms. Bradshaw's number of annual keystrokes was not excessive because it involved around twelve keystrokes per minute. Dr. Mukkamala also found that Ms. Bradshaw had a high body mass ratio, which he noted was a non-occupational risk factor for carpal tunnel syndrome. Dr. Mukkamala further found that there was no electrodiagnostic evidence of carpal tunnel syndrome because Ms. Bradshaw's sensory nerve latency tests were within normal limits. On June 29, 2011, the claims administrator denied Ms. Bradshaw's application for benefits. On June 6, 2012, the Office of Judges reversed the claims administrator's decision and held the claim compensable for right pronator syndrome and right median nerve neuritis. The Board of Review then reversed the Order of the Office of Judges on September 27, 2012, and reinstated the claims administrator's decision, leading Ms. Bradshaw to appeal.

The Office of Judges concluded that Ms. Bradshaw showed that she sustained right pronator syndrome and right median nerve neuritis in the course of and as a result of her employment. The Office of Judges further concluded that Ms. Bradshaw's claim should be held compensable for these conditions. The Office of Judges based this determination on the findings of Dr. Babayev, who found that Ms. Bradshaw's conditions were mostly occupationally related because her job required frequent use of her right hand. The Office of Judges noted that Dr. Babayev believed that Ms. Bradshaw's conditions had grown progressively worse in the last four years. The Office of Judges further found that Dr. Babayev's opinion was more persuasive than Dr. Mukkamala's report.

The Board of Review reversed the Order of the Office of Judges. The Board of Review concluded that the evidence failed to demonstrate that Ms. Bradshaw's employment duties had any relationship to her carpal tunnel syndrome. The Board of Review found that Ms. Bradshaw's job duties did not fall in the high risk category for developing carpal tunnel syndrome set out in West Virginia Code of State Rules § 85-20-41.5 (2006). The Board of Review noted that Ms. Bradshaw's medical history included a non-occupational risk factor that could precipitate carpal tunnel syndrome. The Board of Review also noted that Dr. Mukkamala found that there was no evidence of carpal tunnel syndrome in the electrodiagnostic testing.

We agree with the conclusions of the Board of Review. Ms. Bradshaw has not presented sufficient evidence to demonstrate that she developed carpal tunnel syndrome in the course of and resulting from her employment. The record does not establish that there is a direct causal connection between her work conditions and her injury. Dr. Mukkamala's report calls Dr. Babayev's diagnosis into question. Dr. Mukkamala's report also points out that Ms. Bradshaw's weight is a risk factor that indicates that her carpal tunnel syndrome is an ordinary disease of life and not occupationally related. Additionally, Ms. Bradshaw has not shown that her job involves awkward wrist positioning, vibratory tools, significant grip force, or high force repetitive manual movements, which would place her at a high risk for developing carpal tunnel syndrome.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   April 8, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman

3